UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE


CIVIL ACTION NO. 06-CV-283-GFVT

MICHAEL ANTONELLI                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

SUSAN HASTINGS                                                      RESPONDENT


** ** ** ** **

Michael Antonelli ("Antonelli"), an individual incarcerated in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging disciplinary sanctions imposed upon him, his removal from a drug treatment program, and a prior Illinois conviction for assault [Record No. 2]. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002) (unpublished disposition).

As Antonelli is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**DISCUSSION**

In his petition and amended petition [Record Nos. 2, 5], Antonelli asserts four grounds

for relief.

**1.      Challenge to Illinois conviction for assault.**

The Court will first address the last of Antonelli's claims, a challenge to his conviction in

Illinois for assault.  Antonelli asserts that his due process rights were violated during these

criminal proceedings because his counsel was constitutionally ineffective by failing to accurately

explain the consequences of his guilty plea, in particular its effect on his eligibility and suitability

for parole in subsequent federal parole proceedings.

Antonelli has collaterally attacked this Illinois conviction in a previous Section 2241

petition and was correctly advised that such an attack may only be brought under Section 2254,

not Section 2241.  *Antonelli v. Sanders et al.*, 06-CV-117, Eastern District of Arkansas [Record

Nos. 2, 6 therein] (citing *Singleton v. Norris*, 319 F.3d 1018, 1022-23 (8th Cir. 2003); *Crouch v.*

*Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Croady v. Vaughn*, 251 F.3d 480, 485 (3rd Cir.

2001)).  The Sixth Circuit has reached the same conclusion:  Section 2241 establishes the general

right of habeas corpus, but Section 2254 imposes requirements for its assertion by state prisoners.

The latter, more specific statute must be applied to claims falling within its scope.  *Allen v.*

*White*, WL 1716712, *2 (6th Cir. 2006) (unpublished disposition); *Kerr v. Hedrick*, 2004 WL

259210 (6th Cir. 2004) (unpublished disposition); *Lackawanna County Dist. Attorney v. Coss*,

532 U.S. 394, 403-04 (2001).  When a prisoner invokes the habeas corpus statute, he is subject to

the limitations imposed on Section 2254 petitions, such as those in 28 U.S.C. §§2244, 2253.

2

*Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("'[W]hen a prisoner begins in the district court, §2254 and all associated statutory requirements [including COA's under §2253, if applicable] apply no matter what statutory label the prisoner has given the case.'").  One of those requirements is that a petition challenge the state court conviction within one year after it becomes final. 28 U.S.C. §2244(d).  Because the Illinois conviction occurred prior to Antonelli's 2002 federal conviction, he cannot satisfy the one-year requirement of Section 2244(d).  In addition, Antonelli cannot satisfy the "in custody" requirement to challenge his prior Illinois conviction.  *Steverson v. Summers*, 258 F.3d 520, 524 (6th Cir. 2001) (federal prisoner is not "in custody" to challenge prior expired state convictions under Section 2254 even where prior state convictions enhanced his federal sentence).  His request for relief under Section 2241 is therefore both procedurally inappropriate and appears time-barred on the merits.

 2.  **Removal from residential drug abuse program.**

Antonelli asserts that he was removed from the Residential Drug Abuse Program ("RDAP") arbitrarily and capriciously, and in retaliation for assisting other participants in filing grievances against staff members.  Antonelli has attached to his petition an affidavit dated February 7, 2006 which was submitted in a prior habeas corpus petition filed by Antonelli asserting the same claims regarding his removal from the RDAP program.

The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs.  28 C.F.R. §550.57.  The Bureau of Prisons ("BOP") has the discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. §3621(e)(2)(B).

In *Sesi v. United States Bureau of Prisons,* the Sixth Circuit explained that because a prisoner lacks a protectible property interest in either participation in the RDAP or in early release, a prisoner cannot assert a viable due process claim for either participation in or removal from the RDAP. *Sesi v. United States Bureau of Prisons,* 2000 WL 1827950 (6th Cir. 2000) (unpublished disposition). In *Sesi*, the petitioner asserted that his removal from the program violated his due process rights. The Court noted that even if an inmate *completes* the RDAP, the BOP is not required to grant him early release. *Id.* at *2. The Sixth Circuit held:

> Further, Sesi's contention that his termination from the drug program violated his due process rights is meritless. To support a due process claim, there must be an infringement of a protected liberty interest. *See Fristoe v. R.G. Thompson*, 144 F.3d 627, 630 (10th Cir.1998). However, there is no liberty interest in a reduced sentence, and §3621(e)(2)(B) does not afford such an interest. *Id*. Therefore, Sesi's due process claim is without merit.

*Sesi*, 2000 WL 1827950 at *1.

Antonelli also alleges that he was expelled from the RDAP in retaliation for his assistance to other inmates in filing grievances, in violation of the First Amendment. When an inmate alleges that prison officials penalized him for his exercise of a specific constitutional right, he or she must prove: (1) that the inmate's conduct is constitutionally protected; (2) prison officials took adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (*en banc*). There is no question that Antonelli possesses a First Amendment right to petition the government for redress of his own grievances, but it is equally clear that he lacks any such right to petition the government to redress the grievances of other prisoners. *Id*. at 435 n.2; *Smith v. Parker*, 7

Fed.Appx. 432, 434 (6th Cir. 2001) (unpublished disposition); *Gibbs v. Hopkins*, 10 F.3d 373,

378 (6th Cir. 1993). Because Antonelli's conduct was not constitutionally protected, there is no

basis to conclude that the reason for any alleged retaliation was his exercise of constitutionally-

protected rights.

      **3.**      **Disciplinary Conviction for Insolence and Refusing an Order.**

      On June 16, 2005, Antonelli was charged with "Insolence," a Code 312 violation, and

"Refusing to Obey an Order," a Code 307 violation. On that date, in response to Officer

Depoorter's request that he elect between making monthly or quarterly payments under the

Financial Responsibility Program, Antonelli allegedly became agitated, yelling at Depoorter and

refusing her order to report to the Lieutenant's Office, allegations Antonelli denies. The

disciplinary committee found Antonelli committed the violations the same day, and suspended

his phone and commissary privileges for 60 days.

      On June 28, 2005, Antonelli filed a grievance regarding this conviction, and due to

repeated procedural problems in the hearing process, he was granted a rehearing on these charges

on more than one occasion by the warden and the BOP's National Office of Inmate Appeals.

The most recent document tendered by Antonelli is a March 30, 2006 letter from the BOP

National Office directing that a new hearing be held on the charges. Antonelli asserts that this

order was never carried out because he was transferred from Arkansas to Kentucky on May 15,

2006, before the rehearing could occur.

      Antonelli alleges that he was charged with these violations in retaliation for his assistance

to other inmates in filing grievances, and that the disciplinary hearings did not comply with

procedural due process. He further states that as a result of these convictions he was placed in

the segregation unit; he lost his RDAP "phase gratuity pay"; his phone and commissary

privileges were suspended; he was ultimately ejected from the RDAP class; he was barred from

entering the UNICOR Federal Prison Industries; he was transferred from a medium to high

security facility; and his chances to receive parole in the future have been adversely affected.

A habeas corpus petition under Section 2241 may be used to attack the "fact or duration"

of a prisoner's confinement, and seeks the remedy of either immediate release or a shorter period

of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); *McIntosh v. United States

Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).  Thus, Section 2241 can be used to

challenge the denial of parole or the revocation of good-time credits in a prison disciplinary

proceeding.  But actions challenging a prisoner's "conditions of confinement" must be brought

under the civil rights laws.  *Id*.

Almost all aspects of a prisoner's daily life that do not affect the duration of his

confinement are considered "conditions of confinement," and hence claims relating to such

conditions may only be brought under the civil rights laws.  As the Tenth Circuit explained,

> Prisoners who raise constitutional challenges to other prison decisions-including
> transfers to administrative segregation, exclusion from prison programs, or
> suspension of privileges, e.g. conditions of confinement, must proceed under Section
> 1983 or *Bivens*.

*Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) (claim regarding transfer to higher security

prison within BOP system relates to conditions of confinement, and is not cognizable under

Section 2241, but only Section 1983 or *Bivens*), *vacated as moot*, 268 F.3d 953, 954 (10th Cir.

2001); *see also Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)

(constitutional claims that merely challenge the conditions of a prisoner's confinement as

opposed to the fact of his conviction or the duration of his sentence fall outside the "core" of

habeas corpus and may be brought pursuant to §1983).

As noted above, Antonelli alleges that this disciplinary conviction has had numerous

adverse consequences, such as the loss of commissary privileges, transfer to a higher security

facility, and placement in disciplinary segregation.  However, none of those consequences has a

direct effect on when he will be released from BOP custody.  Antonelli alleges that the

disciplinary conviction will reduce his chances of receiving parole in the future.  This may be so,

but such a speculative effect that may occur in the future is not the kind of direct, immediate

effect on the duration of a prisoner's confinement that is cognizable in a habeas corpus

proceeding.  *Hughes v. Burkett*, 2006 WL 786794, *2 (6th Cir. 2006) (unpublished disposition)

("speculative, collateral consequences of prison disciplinary conviction are insufficient to create

a liberty interest.").  Many aspects of an inmate's conduct in prison, such as participation in

rehabilitative programs, the commission of any institutional infractions, and acceptance of

responsibility for his crimes, may affect the likelihood that he will be granted or denied parole.

But allegations regarding such matters are routinely treated as "conditions of confinement"

claims cognizable only under Section 1983 because they do not have an immediate and direct

impact upon the duration of confinement in the same fashion that a loss of good conduct time

will.  Thus, the fact that Antonelli's disciplinary convictions may adversely affect his chances of

receiving parole at some date in the future does not alter the nature of his claims--they remain

claims regarding the conditions of his confinement.  *Hadley v. Holmes*, 341 F.3d 661, 665 (7th

Cir. 2003) (mere possibility that a prisoner's claim had the potential to affect the duration of his

confinement is "too attenuated from this proceeding to state a claim under § 2254").

Because Antonelli's disciplinary convictions did not result in the loss of good conduct time or otherwise lengthen the term of his confinement, his claims are not cognizable through a petition for habeas corpus under 28 U.S.C. §2241. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (if favorable determination would not automatically entitle prisoner to accelerated release, proper vehicle is §1983 and not §2254).

**4.      Disciplinary Conviction for Engaging in a Group Demonstration.**

On March 2, 2006, Antonelli was charged with "Engaging in a Group Demonstration," a Code 312 violation. On that date, BOP staff became aware that Antonelli, in an effort to discredit two psychologists in the RDAP program, was circulating to other inmates a letter he had obtained from Arkansas officials indicating that the two psychologists were not licensed by the State of Arkansas. After a disciplinary hearing, Antonelli was convicted of the violation on March 29, 2006.

Antonelli alleges that he was charged with the code violation solely in retaliation for his efforts to assist other inmates in filing grievances, and that the hearings did not comport with procedural due process because he was not allowed to cross-examine witnesses or call witnesses in his defense. Antonelli further alleges that this conviction caused his custody level to increase from medium to high and will hurt his chances for receiving parole in the future.

As with the code infractions discussed above, Antonelli makes no allegation that his conviction on these disciplinary charges resulted in the loss of any good conduct time or otherwise directly resulted in any delay in his release, and his allegation that the conviction will adversely affect his chances of getting parole at a subsequent parole proceeding is insufficient to bring his claim within the scope of Section 2241. *Hadley*, 341 F.3d at 665. Accordingly, his

petition must be denied.  Should he wish to do so, the proper mechanism to assert these claims is

through a civil rights action under *Bivens*.  *Rios v. Commandant, U.S. Disciplinary Barracks*,

2004 WL 670891 (10th Cir. 2004) (when prisoner challenges conditions of his confinement in a

habeas corpus petition, petition should be dismissed without prejudice to filing civil rights suit).

**CONCLUSION**

Over the last 15 years, Antonelli has filed approximately 100 or more federal habeas

corpus petitions and civil complaints, almost all of which have been dismissed for failure to state

a claim or as frivolous.  Several district courts and the United States Supreme Court have

imposed filing restrictions upon Antonelli, requiring him to seek permission before filing a new

request for relief based upon his history of repetitive and abusive filings.  *See Antonelli v.*

*Sanders et al.*, 06-CV-117, Eastern District of Arkansas [Record No. 6 therein, fn. 5,6].

The Court need not and will not wait for Antonelli to accumulate such a record as a

vexatious litigant before acting to protect its jurisdiction and the integrity of the judicial process

in this District.  The Court will deny this habeas corpus petition because the claims asserted

therein are cognizable solely in a civil rights action.  However, courts have repeatedly advised

Antonelli of this fact, and he has continued to pursue these claims through habeas proceedings,

presumably to circumvent the filing fee and exhaustion requirements of 28 U.S.C. §§1915,

1997e.  In the future, should Antonelli file any action, whether asserted as a habeas corpus

petition or otherwise, which asserts a conditions-of-confinement claim properly cognizable only

under the civil rights statute, the Court will recharacterize the action accordingly.  Antonelli will

be assessed the $350 filing fee and will be subject to the exhaustion requirements of the PLRA.

The Court further advises Antonelli that it possesses the inherent authority to impose other and

further sanctions as are necessary to deter abusive litigation conduct before this Court should it

occur, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), *In re Prevot*, 59 F.3d 556, 563-64 (6th

Cir. 1995), an authority it will not hesitate to invoke should his conduct invite it.

Accordingly, it is hereby **ORDERED** as follows:

1.      Petitioner's motion to add proof of exhaustion to the record [Record No. 6] is

 **GRANTED.**

2.      Petitioner Antonelli's petition for a writ of habeas corpus is **DENIED.**

3.      The Court certifies that any appeal would not be taken in good faith.  28 U.S.C.

§1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v.*

*Sparkman*, 117 F.3d 949 (6th Cir. 1997).

4.      Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the respondent.

This the 1st day of May, 2007.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge